

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

March 23, 1973

Honorable Earle Caddel
District Attorney
Uvalde, Medina, Zavala
and Real Counties
Uvalde County Courthouse
Uvalde, Texas 78801

Opinion No. H-20

Re: Whether a person is qualified
to serve as a deputy sheriff when
prior to his appointment as such
he has been convicted of a felony
placed on probation and the pro-
bationary term has not expired?

Dear Mr. Caddel:

The facts submitted in your request for our opinion are that the
Sheriff of Zavala County has appointed as deputy sheriff an individual who
was convicted of a felony three years ago, and is now on probation. The
Zavala County Commissioners Court.has refused to recognize the appoint-
ment and you have asked whether the person is qualified.

Prior to the codification of the Texas Statutes of 1925, Article 7125
of Vernon's Texas Civil Statutes of 1914 provided that "No person shall
be appointed a deputy sheriff who stands convicted for a felony". Article
7125 appears as Article 6869 in the 1925 codification of the statutes except
that the reference to persons convicted for a felony has been omitted. The
present statute provides:

"An indictment for a felony of any deputy
sheriff appointed shall operate a revocation of
his appointment as such deputy sheriff . . . ."

Section 2 of Article 16 of the Constitution of Texas provides:

"Laws shall be made to exclude from office,
serving on juries, and from the right of suffrage,
those who may have been or shall hereafter be
convicted of bribery, perjury, forgery, or other
high crimes . . ."

A deputy sheriff occupies a public office. Irwin v. State, 177 S. W. 2d 970, (Tex. Crim. 1944). The term "other high crimes" includes any offense of the same degree or grade as those specifically enumerated, namely felonies. Attorney General Opinion No. O-2698 (1940).

Article 1. 05 of the Texas Election Code provides in part:

> "No person shall be eligible to be a candidate
> for, or to be elected or appointed to, any public
> office in this state unless he is a citizen of the
> United States eligible to hold such office under
> the Constitution and laws of this State, and is under
> none of the disabilities for voting which are stated
> in Article VI, Section 1 of the Constitution of Texas
> on the date of his appointment or of the election at
> which he is elected . . ."

.The disabilities stated in Article 6, Section 1 are persons under 21 years of age, idiots and lunatics, paupers supported by any county, and "all persons convicted of any felony, subject to such exemptions as the Legislature may make". The same language is carried forward into Article 5. 01 of the Texas Election Code.

It is our opinion, therefore, that a person who stands convicted of a felony, whether or not sentence is probated, suffers from a disability which disqualifies him from voting. Therefore, under Article 1. 05 of the Election Code he is not eligible to be appointed to any public office, including the office of deputy sheriff.

The answer to your question, therefore, is that the person described is not at the present time, qualified to serve as deputy sheriff. We do not pass on what may be his rights at some future time.

Honorable Earle Caddel, page 3(H-20)

### SUMMARY

An individual who was convicted of a felony three years ago, and is now on probation, is not qualified to be appointed as a deputy sheriff.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, Executive Assistant

DAVID M. KENDALL, Chairman
Opinion Committee